**Victor Librizzi, Jr., Esq. (VL7786)**
610 Pompton Avenue
P.O. Box 450
Cedar Grove, New Jersey 07009
(973) 239-7675
Attorney for Defendants Fescha Taye and
Alemtsahaye Girma

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

BELETASHACHEW AYENACHEW CHERE, :

                Plaintiff,    :     Case No. 04-6264 (WGB)

               :

       vs.                **ANSWER AND COUNTERCLAIM**

               :

FESSEHA TAYE and ALEMTASHAI GIRMA,

               :

               Defendants.

               :

---

Defendants, Feseha Taye and Alemtsahaye Girma, improperly pleaded as Fesseha Taye and Alemtashai Girma, residing at 95 South Valley Street in the Township of West Orange, in the County of Essex and State of New Jersey, in answer to Plaintiff's complaint say:

    1. Paragraph 1 contains introductory allegation regarding the claims Plaintiff is making in her Complaint as to which an admission or denial is not required. To the extent that the Court deems a response necessary, Defendants deny the allegations contained in Paragraph 1.

    2. Defendants deny each and every allegation contained in Paragraph 2.

    3. Defendants deny each and every allegation contained in Paragraph 3.

    4. Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 and therefore deny the same.

    5. Defendants admit the allegations of Paragraph 5.

6. Paragraph 6 contains allegations regarding jurisdiction as to which an admission or denial is not required. To the extent that the Court deems a response necessary, defendants deny the allegations contained in Paragraph 6.

7. Paragraph 7 contains allegations regarding venue as to which an admission or denial is not required. to the extent that the Court deems a response necessary, Defendants deny the allegations contained in Paragraph 7.

8. Defendants deny having knowledge or information sufficient to form a belief as to the allegation contained in Paragraph 8, and therefore deny the same.

9. Defendants deny having knowledge or information sufficient to form a belief as to the allegation contained in Paragraph 9, and therefore deny the same.

10. Defendants deny having knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 9, and therefore deny the same.

11. Defendants deny the allegations of Paragraph 11 except that Defendant offered Plaintiff a position as an employee in the United States.

12. Defendants deny the first sentence of Paragraph 12. Defendants admit that Defendants offered Plaintiff employment in the United States. Defendants deny the allegations contained in Paragraphs 12 A and 12B. Defendants admit the allegation in Paragraph 12C. Defendants admit the allegation in Paragraph 12 Di but deny Plaintiff's allegation in Paragraph 12Dii. Defendants deny the allegations in Paragraph 12F.

13. Defendants deny the allegations of Paragraph 13.

14. Defendants deny the allegations of Paragraph 14.

15. Defendants deny the allegations of Paragraph 15.

16. Defendants deny the allegations of Paragraph 16 except that the airplane ticket for Plaintiff.

17. Defendants admit the allegations of Paragraph 17.

18. Defendants deny the allegations of Paragraph 18.

19. Defendants deny the allegations of Paragraph 19.

20. Defendants deny the allegations of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants deny the allegations of Paragraph 24.

25. Defendants deny the allegations of Paragraph 25.

26. Defendants deny the allegations of Paragraph 26.

27. Defendants deny the allegations of Paragraph 27.

28. Defendants deny the allegations of Paragraph 28.

29. Defendants deny the allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31.

32. Defendants deny the allegations of Paragraph 32.

33. Defendants deny the allegations of Paragraph 33.

34. Defendants deny the allegations of Paragraph 34 in the form as stated in Plaintiff's Complaint other than Defendants' believed Plaintiff was a lawful employee.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants deny the allegations of Paragraph 37.

38. Defendants deny the allegations of Paragraph 38.

39. Defendants deny the allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41

42. Defendants deny the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57.

58. Defendants deny the allegations of Paragraph 58.

59. Defendants deny the allegations of Paragraph 59.

60. Defendants deny the allegations of Paragraph 60.

61. Defendants deny the allegations of Paragraph 61.

62. Defendants deny the allegations of Paragraph 62.

63. Defendants deny the allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

65. Defendants deny the allegations of Paragraph 65.

66. Defendants deny the allegations of Paragraph 66.

67. Defendants deny the allegations of Paragraph 67 of plaintiff's Complaint except to admit they brought a criminal complaint against Plaintiff.

68. Defendants deny the allegations of Paragraph 68.

69. As to the allegations of Paragraph 69, Defendants lack knowledge or information as to any communications set forth therein and therefore deny the same.

70. Defendants admit they took a tri but lack information sufficient to form a belief as to the other facts set forth therein and therefore deny the same.

## COUNT ONE

71. Defendants repeat all of the responses to the allegations set forth in the preceding paragraphs as if set forth fully and at length herein.

72. As to Paragraph 72 of the Plaintiff's Complaint, Defendants deny that any of their conduct violated the Constitution of the United States or any statute set forth therein.

73. Defendants deny each and every allegation of Paragraph 73 of Plaintiff's Complaint.

74. Defendants deny the allegations of Paragraph 74.

75. Defendants deny the allegations of Paragraph 75.

76. Defendants deny the allegations of Paragraph 76.

## COUNT TWO

77. Defendants repeat all of the responses to the allegations set forth in the preceding paragraphs as if set forth fully and at length herein.

78. Defendants deny the allegations of Paragraph 78.

79. Defendants deny the allegations of Paragraph 79.

80. Defendants deny the allegations of Paragraph 80.

## COUNT THREE

81. Defendants repeat all of the responses to the allegations set forth in the preceding paragraphs as if set forth fully and at length herein.

82. Defendants deny the allegations of Paragraph 82.

83. Defendants deny the allegations of Paragraph 83.

84. Defendants deny the allegations of Paragraph 84.

## COUNT FOUR

85. Defendants repeat all of the responses to the allegations set forth in the preceding paragraphs as if set forth fully and at length herein.

86. Defendants deny the allegations of Paragraph 86 as stated but assert that to the best of their knowledge, information or belief, Plaintiff was properly an employee under applicable law.

87. Defendants deny the allegations of Paragraph 87.

88. Defendants deny the allegations of Paragraph 88.

## COUNT FIVE

89. Defendants repeat all of the responses to the allegations set forth in the preceding paragraphs as if set forth fully and at length herein.

90. Defendants deny the allegations of Paragraph 90.

91. Defendants deny the allegations of Paragraph 91.

92. Defendants deny the allegations of Paragraph 92.

## COUNT SIX

93. Defendants repeat all of the responses to the allegations set forth in the preceding paragraphs as if set forth fully and at length herein.

94. Defendants deny the allegations of Paragraph 94

95. Defendants deny the allegations of Paragraph 95.

## COUNT SEVEN

96. Defendants repeat all of the responses to the allegations set forth in the preceding paragraphs as if set forth fully and at length herein.

97. Defendants deny the allegations of Paragraph 97.

98. As to the allegations of Paragraph 98, Defendants deny that they unlawfully possessed any documents belonging to plaintiff as per their responses to paragraph 97.

## COUNT EIGHT

99. Defendants repeat all of the responses to the allegations set forth in the preceding paragraphs as if set forth fully and at length herein.

100. Defendants deny the allegations of Paragraph 100.

101. Defendants deny the allegations of Paragraph 101.

102. Defendants deny the allegations of Paragraph 102.

## COUNT NINE

103. Defendants repeat all of the responses to the allegations set forth in the preceding paragraphs as if set forth fully and at length herein.

104. Defendants deny the allegations of this paragraph of Plaintiff's Complaint as stated, except to assert that Plaintiff was properly compensated for any services rendered pursuant to written contract.

105. Defendants deny the allegations as stated except to state that Plaintiff was properly compensated pursuant to written contract.

106. Defendants deny the allegations of Paragraph 106.

107. Defendants deny the allegations of Paragraph 107.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim against defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over some or all of plaintiff's claim.

## THIRD AFFIRMATIVE DEFENSE

Some or all of plaintiff's claim are barred by doctrine of judicial estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claim are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The conduct of defendants was not the cause in fact of any damages alleged in plaintiff's complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting the claims alleged in the complaint by virtue of plaintiff's acts, conduct and omissions.

## SEVENTH AFFIRMATIVE DEFENSE

As a result of plaintiff's acts, conduct and omissions, plaintiff has waived her right to assert the purported claims in the complaint filed herein.

## EIGHTH AFFIRMATIVE DEFENSE

The negligence and/or intentional misconduct of third parties proximately caused and/or was a substantial factor in whatever injuries or damages are alleged by plaintiff in her complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### TENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claim are barred by the exclusive remedy of the workers' compensation act.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claim is barred by her failure to exhaust administrative remedies.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants assert all of the allegations of their Counterclaim as separate defenses to Plaintiff's claim.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Complaint, with costs and reasonable attorney's fees.

Dated: February 3, 2005

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　VICTOR LIBRIZZI, JR., ESQ.
　　　　　　　　　　　　　　　　　　　Attorney for Defendant-Counterclaimants
　　　　　　　　　　　　　　　　　　　FESEHA TAYE and ALEMTSAHAYE
　　　　　　　　　　　　　　　　　　　GIRMA

### COUNTERCLAIM

Defendants, FESEHA TAYE and ALEMTSAHAYE GIRMA, residing at 95 South Valley Street, in the Township of West Orange, in the County of Essex and the State of New Jersey, by way of Counterclaim against the Plaintiff, say:

1. At all times relevant hereto, Defendant-Counterclaimants, FESEHA TAYE and ALEMTSAHAYE GIRMA were residents of the State of New Jersey, County of Essex and

municipality of West Orange, residing at 95 South Valley Street in that municipality with their son KALEB TAYE.

2. On or about the winter of 2001, when Defendant-Counterclaimant ALEMTSAHAYE GIRMA was about to embark on added duties of her employment at the United Nations at the New York City headquarters as a Human Resources Specialist which would cause her to travel out of the country from time to time, Defendant- Counterclaimant sought out a full time domestic at her West Orange residence primarily to care for Defendant-Counterclaimant's son in the absence of either of Defendant-Counterclaimants.

3. Thereafter, Defendant-Counterclaimants, in a legal and proper form and manner, hired the Plaintiff with all the necessary and required documentation.

4. Thereafter, Plaintiff worked for the Defendant-Counterclaimants' family and was duly and properly compensated and was treated in a fair and proper manner. Plaintiff was able to come an go as she pleased, consistent with her duties to care for Defendant-Counter-Claimants' child.

5. On or about April 4, 2003, at or near to the time Plaintiff was scheduled to return to her homeland in a manner consistent with the terms of her employment and visa status, Plaintiff chose to leave the employ and residence of Defendant-Counterclaimants without notice while Defendant-Counterclaimants and their family were away from the West Orange residence on an overnight trip. When Defendant-Counterclaimants returned home, they discovered that Plaintiff had removed all of her belongings and also that cash, jewelry and the passport of Defendant-Counterclaimant ALEMTSAHAYE GIRMA and the passport of

Defendant-Counterclaimants' infant son, KALEB TAYE, were also missing from the Defendant-Counterclaimants' residence, which residence showed no sign of forced entry. The amount of the missing cash was @ $3,000.00 and the missing jewelry was valued at @ $8,000.00. The missing items were in the Defendant-Counterclaimants' master bedroom to which Plaintiff had access.

6. Defendant-Counterclaimants promptly filed an incident report with the local police department.

7. Thereafter, Defendant-Counterclaimants began to get anonymous phone calls both at work at the United Nations and at home from persons representing themselves as persons acting on behalf of Plaintiff, seeking money from Defendant-Counterclaimants and threatening to make trouble for the Defendant-Counterclaimants if they didn't pay money to Plaintiff.

8. Defendant-Counterclaimants adamantly refused to pay any money which demands to Defendant-Counterclaimants amounted to attempts at extortion.

9. All of the conduct of Plaintiff as aforesaid was wrongful, intentional, illegal, and improper and designed to cause emotional distress, embarrassment and financial harm to Defendant- Counterclaimants. None of the above mentioned property of Defendant-Counterclaimants has been returned by plaintiff or her agents.

10. As a direct and proximate result of the wrongful conduct of Plaintiff CHERE as aforesaid, Defendant-Counterclaimants were caused to suffer economic loss as aforesaid, embarrassment, emotional distress and were caused and will continue to be caused to expend great sums of money to defend themselves against the false accusations of Plaintiff CHERE.

## FIRST CAUSE OF ACTION

### (Conversion)

11. Defendant-Counterclaimants repeat and reallege all of the prior allegations of their Counterclaim as if set forth fully and at length herein.

12. At all times relevant herein, on or about April 4, 2003, Defendant-Counter-Claimants were and still are the owners of certain jewelry and U.S. currency.

13. On or about April 4, 2003, the jewelry and U.S. currency had a value of $11,000.00.

14. On or about April 4, 2003, Plaintiff CHERE took or caused to be taken the above mentioned property from Defendant-Counterclaimants' possession and converted the same to her own use.

15. Even though Plaintiff is and was aware that Defendant-Counterclaimants are seeking the return of their property, Plaintiff has failed and continues to fail and refuses to return the property to Defendant-Counterclaimants.

16. The aforementioned acts of Plaintiff CHERE were intentional, willful, wanton and malicious, and oppressive and caused and will continue to cause Defendant-Counterclaimants both pecuniary loss and emotional distress and anguish.

## SECOND CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

17. Defendant-Counterclaimants repeat and reallege all of the prior allegations of their Counterclaim as if set forth fully and at length herein.

18. Plaintiff CHERE'S conduct as alleged above was deliberate, knowing, intentional, willful, wanton, extreme and in conscious disregard of Defendant-Counterclaimants' legal rights and emotional well being.

19. From the time Defendant-Counterclaimants began to get anonymous phone calls both at work and at home from persons representing themselves as persons acting on behalf of Plaintiff, seeking money from Defendant-Counterclaimants and threatening to harm Defendant-Counterclaimants unless payment was made, Defendant-Counterclaimants were extremely upset, disturbed, frightened and outraged. This conduct of Plaintiff or her agents is outrageous, unlawful and harmful.

20. As a direct and proximate result of the wrongful conduct of Plaintiff CHERE as aforesaid, Defendant-Counterclaimants were caused to suffer embarrassment and emotional distress and caused to live in fear of repeats of said unlawful conduct and did suffer and will continue to suffer pecuniary loss therefrom.

### THIRD CAUSE OF ACTION

**(Conspiracy/Malicious Interference With Prospective Economic Benefit)**

21. Defendant-Counterclaimants repeat and reallege all of the prior allegations of their Counterclaim as if set forth fully and at length herein.

22. Plaintiff CHERE conspired and agreed to cooperate in the commission of the wrongful acts enumerated hereinabove and acted in furtherance of the conspiratorial agreement to produce unlawful results alleged herein. Plaintiff's conduct as alleged was and is willful, wanton, malicious and in conscious disregard of Defendant-Counterclaimants' rights and well-being.

-14-

23. Plaintiff CHERE'S conduct as aforesaid, in particular having calls made to Defendant-Counterclaimants at the United Nations office, also is and was designed to cause trouble at Defendant-Counterclaimant ALEMTSAHAYE GIRMA'S employment, which is and was a position of trust and sensitivity, and as such represents a malicious interference with Defendant-Counterclaimant ALEMTSAHAYE GIRMA'S potential economic benefit.

WHEREFORE, Defendant-Counterclaimants demand judgment against Plaintiff CHERE for:

1. Compensatory damages;
2. Punitive damages;
3. Counsel fees;
4. Costs of Court;
5. Such other relief as the Court deems proper in the circumstances.

Dated: February 3, 2005

VICTOR LABRIZZI, JR., ESQ.
Attorney for Defendant-
Counterclaimants FESEHA TAYE
and ALEMTSAHAYE GIRMA