16229.00128-PMM

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
425 EAGLE ROCK AVENUE, SUITE 302
ROSELAND, NJ 07068
(973) 618-4100
ATTORNEYS FOR PLAINTIFF - Penn Millers Insurance Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| BELETASHACHEW AYENACHEW CHERE<br><br>Plaintiff<br><br>vs.<br><br>FESSEHA TAYE and ALEMTSAHAYE GIRMA, sued herein incorrectly as ALEMTASHAI GIRMA<br><br>Defendants | CIVIL CASE NO.: 04-6264 (FSH) |
| PENN MILLERS INSURANCE COMPANY<br><br>Plaintiff<br><br>vs.<br><br>FESSEHA TAYE, ALEMTASHAI GIRMA and BELETASHACHEW AYENACHEW CHERE<br><br>Defendants | CIVIL CASE NO.: 05-5572 (FSH)<br><br>**ANSWER TO COUNTERCLAIM** |

Penn Millers Insurance Company, Plaintiff/Defendant on the Counterclaim, hereby responds to the Counterclaim brought against it by Defendants/Counterclaimants Fesseha Taye and Alemtsahaye Girma as follows:

1. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required.

2. Admitted.

3. Admitted that a controversy of a justiciable nature exists between parties of different states, involving their rights and liabilities under a liability insurance contract entered into between them. It is also admitted that this controversy between the parties regarding insurance coverage is dependent upon a comparison of the policy language and the face of the underlying Amended Complaint in the underlying lawsuit, <u>Chere v. Girma et al.</u> Further, plaintiff/defendant on the Counterclaim admits that this action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000. The remaining factual allegations in this paragraph are denied to the extent they are inconsistent with any of the foregoing. The other remaining allegations in this paragraph are conclusions of law, requiring no responsive pleading.

## FIRST COUNT

4. Admitted that Defendants-Counterclaimants were named insureds under a Homeowners 3 Special Form Insurance Policy, policy numbers PGP7024835-03 and PGP7024835-04 for the policy periods July 15, 2002 to July 15, 2003 and July 15, 2003 and July 15, 2004 issued by Plaintiff and that Defendants fully paid the premiums for said policies. The policy language Defendants-Counterclaimants cite in the last two paragraphs of this paragraph in their Counterclaim (which as they state therein, was "also set forth in paragraph 10 of the Plaintiff's Complaint"), speaks for itself. Plaintiff, however, denies that this policy language, cited by Defendants-Counterclaimants, is the sole language contained in the policies, governing the rights and liabilities of the parties.

5.  It is admitted that Defendants-Counterclaimants are named as defendants in the matter of Chere v. Taye et al., Civil Case No. 04-6264(FSH) and that the within declaratory judgment action, brought by Plaintiff-Defendant on the Counterclaim, Penn Millers Insurance Company, has since been consolidated with the underlying action, Chere v. Taye et al. The allegations set forth in the Chere Complaint and the Chere Amended Complaint against the Defendants-Counterclaimants speak for themselves. Plaintiff-Defendant on the Counterclaim has insufficient information to admit or deny the exact date of service of the Chere Complaint upon the Defendants-Counterclaimants. However, upon information and belief, the Chere Complaint must have been served on or before January 5, 2005. Plaintiff-Defendant on the Counterclaim admits that under cover letter of January 5, 2005, Defendants-Counterclaimants tendered their defense in the Chere matter to Plaintiff. However, Plaintiff-Defendant on the Counterclaim denies any allegations or insinuations, being made by the Defendants-Counterclaimants, that its decision to disclaim coverage, based upon the original Complaint in the Chere action, was improper, unjustified and/or in breach of the Defendants-Counterclaimants- insurance contract with Plaintiff-Defendant on the Counterclaim. To the contrary, the Plaintiff-Defendant on the Counterclaim contends that its decision to disclaim coverage for defense and/or indemnity was proper and supported by the clear and unambiguous policy provisions, the reasonable expectations of the parties and the existing law. To the extent that any of the allegations set forth in this paragraph of the Counterclaim are inconsistent with any of the foregoing, said allegations are denied.

6.  Plaintiff-Defendant on the Counterclaim admits that after carefully considering and comparing the allegations set forth on the face of the Chere Complaint and the policy provisions, it promptly and properly denied Defendants-Counterclaimants claim for defense and indemnity

coverage in response to the Chere Complaint and the disclaimer of coverage was supported by the clear and unambiguous policy provisions, the reasonable expectations of the parties and the existing law. To the extent that any of the allegations set forth in this paragraph of the Counterclaim are inconsistent with any of the foregoing, said allegations are denied.

7.      It is admitted that in late June of 2005/early July of 2005, the Chere Complaint against Defendants-Counterclaimants was amended to include three additional counts – one captioned "Negligence"; the other captioned "Negligent Infliction of Emotional Distress" and the third added count captioned "Breach of Fiduciary Duty". Plaintiff-Defendant on the Counterclaim further admits that of these three additional counts, only the two Negligence Counts potentially triggered coverage under the policies of insurance for only two specific allegations, set forth in the Amended Complaint. These two allegations are set forth in paragraphs 50 and 51 of the Amended Complaint. Plaintiff-Defendant on the Counterclaim denies that coverage is triggered under the policies of insurance with respect to any of the other claims or allegations set forth in the Amended Complaint in the Chere matter. To the extent that any of the allegations set forth in this paragraph of the Counterclaim are inconsistent with any of the foregoing, said allegations are denied.

8.      Admitted that Defendants-Counterclaimants forwarded a copy of the Amended Complaint in the Chere matter to Plaintiff-Defendant on the Counterclaim, demanding that Plaintiff-Defendant on the Counterclaim defend and indemnify them in the Chere matter in response to the Amended Complaint. However, Plaintiff-Defendant on the Counterclaim contends that it promptly notified the Defendants-Counterclaimants of its coverage decision in response to their tender that, pursuant to the provisions in the policies of insurance, the claims and allegations plead against Defendants-Counterclaimants in the Amended Complaint and the

existing law, it owed Defendants-Counterclaimants a limited duty to reimburse them for any litigations costs and expenses they incurred in their own defense of the two Negligence claims plead against them by Chere in her Amended Complaint for the allegations plead in paragraphs 50 and 51 of the Amended Complaint. Plaintiff-Defendant on the Counterclaim denies any allegations that its coverage decision was improper and/or in breach of the policies of insurance. To the contrary, Plaintiff-Defendant on the Counterclaim contends that its coverage position, limiting its duty to a duty to reimburse for certain litigation costs and expenses incurred by Defendants-Counterclaimants in their own defense in the underlying <u>Chere</u> matter, was proper and is supported by the clear and unambiguous terms of the insurance policies, the reasonable expectations of the parties and the existing law. To the extent that any of the allegations set forth in this paragraph of the Counterclaim are inconsistent with any of the foregoing, said allegations are denied.

9.   It is admitted <u>only</u> that this is what the Defendants-Counterclaimants "claim". Plaintiff denies that it owes <u>full</u> defense and/or indemnification coverage to the Defendants-Counterclaimants in response to the <u>Chere</u> Amended Complaint brought against the Defendants-Counterclaimants. Plaintiff-Defendant on the Counterclaim agrees only that its coverage obligations under the policies it issued to Defendants-Counterclaimants are limited to a duty to reimburse the Defendants-Counterclaimants for certain defense litigation expenses and costs they incurred in the underlying <u>Chere</u> matter beginning from the Defendants-Counterclaimants tender made after they were served with the Amended Complaint, as set forth above in the response to the preceding paragraph.

10.   Denied.

11.   Denied.

12. Denied.

13. Solely for the reasons set forth in Plaintiff-Defendant on the Counterclaim's declaratory judgment Complaint, it submits that the court has authority to issue a declaration as to its limited coverage obligations (duty of reimbursement of limited defense costs ) to Defendants-Counterclaimants under the insurance policies in response to the Amended Complaint brought against the Defendants-Counterclaimants in the Chere action; more specifically this court's role is to apportion costs for defense to be reimbursed to Defendants-Counterclaimants between those covered claims and those non-covered claims.  Plaintiff-Defendant on the Counterclaim denies that Defendants-Counterclaimants are entitled to a declaration from the court that they are entitled to any defense and/or indemnification coverage, under the insurance policies, in response to any of the claims set forth in the original Chere Complaint.  Plaintiff-Defendant on the Counterclaim further denies that the insurance policies trigger a duty to provide full defense and/or indemnification coverage to the Defendants-Counterclaimants in response to the Chere Amended Complaint *for any of the reasons advanced by the Defendants-Counterclaimants in their Counterclaim.*

14. Denied.

**WHEREFORE**, Plaintiff-Defendant on the Counterclaim, Penn Millers Insurance Company, hereby requests this Honorable Court to dismiss the Counterclaim brought by Defendants-Counterclaimants; to award costs and fees in favor of Plaintiff-Defendant on the Counterclaim in its defense of the Counterclaim and in its prosecution of its declaratory judgment action; for a declaration from the court, in favor of Plaintiff-Defendant on the Counterclaim, Penn Millers, as to those defense costs for covered claims it must reimburse

Case 2:04-cv-06264-SRC -CCC   Document 37   Filed 04/25/06   Page 7 of 10 PageID: 195

Defendants-Counterclaimants, under the policies of insurance at issue; and for such further relief as the court may deem appropriate.

## SECOND COUNT

15.     Plaintiff-Defendant on the Counterclaim, Penn Millers Insurance Company, hereby repeats each and every one of its foregoing responses, given in response to the allegations set forth in paragraphs 1-14 of the Defendants-Counterclaimants' Counterclaim, as if more fully set forth at length herein.

16.     Denied.

**WHEREFORE**, Plaintiff-Defendant on the Counterclaim, Penn Millers Insurance Company, hereby requests this Honorable Court to dismiss the Counterclaim brought by Defendants-Counterclaimants; to award costs and fees in favor of Plaintiff-Defendant on the Counterclaim in its defense of the Counterclaim and in its prosecution of its declaratory judgment action; for a declaration from the court, in favor of Plaintiff-Defendant on the Counterclaim, Penn Millers, as to those defense costs for covered claims it must reimburse Defendants-Counterclaimants, under the policies of insurance at issue; and for such further relief as the court may deem appropriate.

## PENN MILLERS' AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to set forth a cause of action for which relief can be granted against Plaintiff-Defendant on the Counterclaim.

### SECOND AFFIRMATIVE DEFENSE

Defendant-Counterclaimants' claims against Plaintiff-Defendant on the Counterclaim are barred by the applicable statute of limitations, contractual limitations and/or doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Defendants-Counterclaimants seek recovery for claims which do not set forth an insured loss under the terms, conditions and other provisions of the Penn Millers' policies of insurance.

### FOURTH AFFIRMATIVE DEFENSE

In the event Defendants-Counterclaimants are entitled to any recovery, said recovery must be reduced by the deductibles contained in the policies of insurance.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff-Defendant on the Counterclaim at all times acted with due and proper care and in good faith.

### SIXTH AFFIRMATIVE DEFENSE

In the event Defendants-Counterclaimants are entitled to any recovery for reimbursement of litigation costs and expenses, these costs are limited to *reasonable* costs incurred after the Defendants-Counterclaimants tendered their defense to Penn Millers of the claims made against them in the Amended Complaint in the Chere matter.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff-Defendant in the Counterclaim performed each and every duty it owed to Defendants-Counterclaimants under the policies of insurance at issue.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff-Defendant in the Counterclaim breached no duties allegedly owed to the Defendants-Counterclaimants under the policies at issue.

### EIGHTH AFFIRMATIVE DEFENSE

One or more of the claims plead against Defendants-Counterclaimants' in the Amended Complaint in the Chere matter do not constitute covered claims under the terms, conditions,

definitions, exclusions and other provisions of the policies at issue, the terms of which are hereby incorporated.

### NINTH AFFIRMATIVE DEFENSE

To the extent that the claims, for which Defendants-Counterclaimants seek coverage under the policies at issue, in whole or in part, are outside the terms of those policies, there is no coverage.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Defendants-Counterclaimants breached conditions precedent to coverage as set forth in the policies at issue, they are not entitled to coverage under said policies.

### ELEVENTH AFFIRMATIVE DEFENSE

One or more of the coverage claims being made by the Defendants-Counterclaimants in their Counterclaim are barred by the exclusions set forth in the policies at issue.

### TWELFTH AFFIRMATIVE DEFENSE

Any past or future losses or damages claimed by Defendants-Counterclaimants in their Counterclaim were the result of their own actions, inaction or conduct for which they cannot look to the Plaintiff-Defendant on the Counterclaim, Penn Millers, for recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

Coverage under the policies of insurance is barred for any claims against Defendant-Counterclaimants, which can reasonably be assumed to have arisen from their own intentional acts, regardless of how said claims are plead in the underlying Complaint or Amended Complaint in the Chere action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Insofar as the Defendants-Counterclaimants' Counterclaim asserts a cause of action for breach of contract (which breach is denied), the damages being sought were not within the contemplation of the parties at the time of the making of the insurance contract(s), and further would not naturally result from any breach.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Defendants-Counterclaimants are estopped from proceeding with their Counterclaim against Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not breach any contractual obligations or warranties, express or implied or arising by operation of law.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN


By:____/s/ Patricia M. McDonagh____
PATRICIA M. McDONAGH, ESQ.
Attorney I.D. No. 34758