UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BELETASHACHEW AYENACHEW  :
CHERE                    :
                         :
     **Plaintiff**         :
                         :
  v.                     :     Civil Action No. 04-6264(FSH)
                         :
FESSEHA TAYE, et al.     :     ORDER ON INFORMAL APPLICATION
                         :
     **Defendants**        :

    This matter having come before the Court by way of letters dated June 6, 2006 and June 12, 2006, regarding the defendants' renewed request to compel the plaintiff to be examined by defendant's psychiatric expert;

    and the Court having initially ruled on defendants' request on May 10, 2006 and ordered:

> the request to compel the plaintiff to participate in an examination under Fed. R. Civ. P. 35 is denied without prejudice. The request may be renewed if information embodied in the domestic violence records <u>and</u> provided by Dr. Latimer demonstrates a basis to find that an examination of the plaintiff at this time would yield relevant information about the emotional distress she claimed to sustain during her employment through October 31, 2003;

Order, dated May 10, 2006, at 2;

    and the defendants having renewed the request stating that their expert has examined the written records provided to him and issued a report that "indicates that it is medically and psychiatrically necessary to have the plaintiff examined," Letter of Victor Libruzzi, Esq., dated June 6, 2006;

    and the Court having considered the defendants' expert report;

    and the report summarizing historical information and concluding that the plaintiff "is not having any diagnosable psychiatric condition," and stating, without any explanation, that "within

a reasonable degree of psychiatric certainty that it is medially and psychiatrically necessary to have the plaintiff examined by a psychiatrist in order to assist the Court in its evaluation of the issues at bar," Letter of Dr. Lattimer, dated May 24, 2006, at 2;

and there being nothing before the Court to show the plaintiff is seeking to recover for any present psychological or psychiatric condition and no expert has said he is presently suffering from such a condition;

and nothing in Dr. Lattimer's report explaining why an examination of the plaintiff at this time would yield information about the emotional distress she claimed to have sustained during her employment through October 31, 2003;

and therefore being nothing before the Court to demonstrate that good cause exists to require the plaintiff to be examined;

IT IS on this 13th day of June, 2006

ORDERED that the request to compel the plaintiff to participate in a psychiatric examination under Fed. R. Civ. P. 35 is denied.

s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE